## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| TENISHA WHITE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No. 4:22-CV-1120 SPM |
| | ) |
| AMEREN and ADAM KASHYAP, | ) |
| | ) |
| Defendants. | ) |

## OPINION, MEMORANDUM AND ORDER

This matter comes before the Court on plaintiff's motion for leave to commence this employment discrimination action without prepayment of the required filing fee. ECF No. 2. Upon consideration of the financial information provided with the application, the Court finds plaintiff is financially unable to pay the filing fee. Therefore, plaintiff will be granted leave to proceed *in forma pauperis*. Additionally, under 28 U.S.C. § 1915, the Court is required to review the complaint and dismiss any part of it that is frivolous, malicious, or fails to state a claim upon which relief can be granted. Upon such review, the Court will dismiss plaintiff's claims against defendant Adam Kashyap.

### I.     Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether

a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016); *see also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (stating that court must accept factual allegations in complaint as true, but is not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a self-represented complaint under § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even self-represented complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (stating that federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a self-represented complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

**II.   Discussion**

Plaintiff brings this action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, *et seq*. ("Title VII") and the Age Discrimination in Employment Act, as

amended, 29 U.S.C. §§ 621, *et seq.* ("ADEA"), for employment discrimination and retaliation on the basis of race, color, gender, and age. ECF No. 1. Named as defendants are Ameren and Adam Kashyap. Plaintiff provided a copy of the Charge of Discrimination she filed with the Equal Employment Opportunity Commission against Ameren, ECF No. 1-3, and Notice of Right to Sue, ECF No. 1-4. The Notice of Right to Sue is dated August 23, 2022. It therefore appears plaintiff has timely brought this action.

Within the complaint, plaintiff describes herself as a "41-year old, light skinned African American female." ECF No. 1 at 5. She states she applied for the "position of Paralegal via the internet," and was interviewed by defendant Kashyap. *Id.* She asserts she was offered the position on March 28, 2022, but did not hear back from defendants after the offer was given. *Id.* Attached to her complaint is e-mail correspondence between plaintiff and defendant Kashyap evidencing she applied for the position and followed up regarding her application. ECF No. 1-5. It appears from the attachments that defendant Kashyap was an employee of a staffing company, ICONMA, not Ameren. *Id.* Plaintiff alleges defendants' failure to follow up with her after an offer was given was the result of race, color, age, and sex discrimination.

Title VII provides a remedy only against an "employer." The term "employer" under Title VII means a "person engaged in an industry affecting commerce who has fifteen or more employees[.]" The Eighth Circuit has squarely held that individuals, including supervisors, may not be held individually liable under Title VII. *Bonomolo-Hagen v. Clay Central-Everly Community School District*, 121 F.3d 446, 447 (8th Cir. 1997) (per curiam) (citing *Spencer v. Ripley County State Bank*, 123 F.3d 690, 691-92 (8th Cir. 1997) (per curiam)); *see Bales v. Wal-Mart Stores Inc.*, 143 F.3d 1103, 1111 (8th Cir. 1998).

Most courts who have examined the issue have similarly determined that there is no individual liability under the ADEA. *See, e.g.*, *Lyons-Belisle v. American Wholesale Florists of Kansas City, Inc.*, 2016 WL 4443186, at *3 (W.D. Mo. Aug. 19, 2016); *Bartunek v. eFrame*, LLC, 2016 WL 5854215, at *1 (D. Neb. Oct. 6, 2016); *Smith v. Bankers Life and Cas. Co.*, 519 F. Supp. 2d 964, 967 (S.D. Iowa 2007); *Wortham v. American Family Ins. Co.*, 2002 WL 31128057, at *4 (N.D. Iowa Sept. 17, 2002) ("While the Eighth Circuit has not explicitly decided the issue, relevant case law strongly suggests that it would conclude that there is no individual liability under the ADEA"); and *Kelleher v. Aerospace Community Credit Union*, 927 F. Supp. 361, 363 (E.D. Mo. 1996) ("[T]he Court reaffirms its previous decisions that individuals cannot be held liable under the ADEA"). *See, e.g., Medina v. Ramsey Steel Co., Inc.*, 238 F.3d 674, 686 (5th Cir. 2001); *Stults v. Conoco, Inc.*, 76 F.3d 651, 655 (5th Cir. 1996); *Csoka v. U.S. Government*, 1996 WL 467654, at *5 (7th Cir. 1996) ("The ADEA, like Title VII, does not authorize individual liability claims"); *Smith v. Lomax*, 45 F.3d 402, 403 n. 4 (11th Cir. 1995); *Birkbeck v. Marvel Lighting Corp.,* 30 F.3d 507, 510 (4th Cir. 1994); and *Miller v. Maxwell's Int'l*, 991 F.2d 583, 587 (9th Cir. 1993) (stating that "[i]f Congress decided to protect small entities with limited resources from liability, it is inconceivable that Congress intended to allow civil liability to run against individual employees").

As a result, plaintiff's claims against Adam Kashyap, as an individual employer, supervisor, or hiring manager, fails to state a claim upon which relief can be granted. Consequently, the Court will dismiss him from this action under 28 U.S.C. § 1915.

**Motion for Appointment of Counsel**

Plaintiff has filed a motion to appoint counsel in addition to her complaint in this action. In civil cases, a self-represented litigant does not have a constitutional or statutory right to appointed counsel. *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013). *See also Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998) (stating that "[a] pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case"). Rather, a district court may appoint counsel in a civil case if the court is "convinced that an indigent plaintiff has stated a non-frivolous claim . . . and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018). When determining whether to appoint counsel for an indigent litigant, a court considers relevant factors such as the complexity of the case, the ability of the self-represented litigant to investigate the facts, the existence of conflicting testimony, and the ability of the self-represented litigant to present his or her claim. *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).

After considering these factors, the Court finds that the appointment of counsel is unwarranted at this time. Plaintiff has demonstrated, at this point, that she can adequately present her claims to the Court. Additionally, neither the factual nor the legal issues in this case appear to be unduly complex. Thus, the Court will deny plaintiff's motion for appointment of counsel but will entertain future motions for appointment of counsel as the case progresses.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed *in forma pauperis* [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [ECF No. 3] is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that plaintiff's claims against defendant Adam Kashyap are **DISMISSED**.

**IT IS FURTHER ORDERED** that the Clerk shall issue process or cause process to issue as to defendant Ameren at the address provided by plaintiff: 1901 Chouteau, St. Louis, Missouri 63103.

An Order of Partial Dismissal will accompany this Order.

Dated this 3rd day of November, 2022.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE