UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

TENISHA WHITE,                           )
                                         )
                    Plaintiff,           )
                                         )
            vs.                          )        Case No. 4:22CV1120 HEA
                                         )
AMEREN, et al.,                          )
                                         )
                    Defendants.          )

## OPINION, MEMORANDUM AND ORDER

This matter is before the court on Defendant Iconma, LLC's Motion to
Dismiss Plaintiff's Second Amended Complaint, [Doc. No. 54], Defendants' Joint
Motion to Strike, [Doc. No. 61], Plaintiff's Motion for Summary Judgment, [Doc.
No. 64], and Defendant Ameren's Motion for Summary Judgment, [Doc. No. 70].
For the reasons articulated below Defendants' Motions will be granted.

### Facts and Background

On October 24, 2022, Plaintiff filed her *pro se* Complaint alleging
employment discrimination under Title VII of the Civil Rights Act of 1964 and
Age Discrimination in Employment Act of 1967, ("ADEA").   Plaintiff claimed
she was discriminated and retaliated against by not being hired by Ameren for a
paralegal position based on her race, color, gender, and age. Plaintiff attached her
Charge of Discrimination, which was filed with the Equal Employment
Opportunity Commission, ("EEOC"), a Notice of Right to Sue Letter, and email

correspondence between Plaintiff and former Defendant Adam Kashyap. Ameren was the only named respondent in the Charge of Discrimination.

Defendant Kashyap was dismissed from this action on November 3, 2022. Plaintiff filed an Amended Complaint on May 16, 2023, in which she added Defendant ICONMA. On May 24, 2023, the Court ordered Plaintiff to file a second amended complaint. Plaintiff filed her Second Amended Complaint, ("SAC"), on June 5, 2023. Plaintiff used the form provided by the Court for her SAC. She attached her "Amended Complaint for Injunction and Other Relief" to the form. In this document, Plaintiff alleges racial discrimination under Title VII (Count I); gender discrimination under Title VII (Count II); and age discrimination under the ADEA.

Plaintiff alleges she applied for a position via the internet, was interviewed by ICONMA, and was offered a position on March 28, 2022. She does not indicate what company or what position however, she alleges she "reached out" to Ameren in April 2022 via email and by phone. She also alleges she spoke with ICONMA's HR Manager, Shawn, who told her Ameren was a client and "that the years of service the two had been engaged was unknown."

## Discussion

## Motion to Strike

Rule 12 of the Federal Rules of Civil Procedure provides that "[t]he court

2

may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). The Rule continues that "[t]he court may act: (1) on its own; or (2) on motion made by a party...." *Id*. A district court enjoys "liberal discretion" under this rule. *Stanbury Law Firm, P.A. v. I.R.S.*, 221 F.3d 1059, 1063 (8th Cir. 2000) (citations omitted).

Notably, "striking a party's pleadings is an extreme measure," and motions to strike under Rule 12(f) "are viewed with disfavor and are infrequently granted." *Id*. (citations omitted). A motion to strike should be granted "if the result is to make a trial less complicated or otherwise streamline the ultimate resolution of the action." *Daigle v. Ford Motor Co*., 713 F. Supp. 2d 822, 830 (D. Minn. 2010).

Plaintiff did not file a motion for leave to file the Amended Complaint. Rule 15 of the Federal Rules of Civil Procedure states:

> Amending as a Matter of Course. A party may amend its pleading once as a matter of course no later than:
>
> (A) 21 days after serving it, or
>
> (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

Fed. R. Civ. P. 15(a)(1).

More than 21 days had passed since Plaintiff served her original Second Amended Complaint and more than 21 days had passed since Defendants filed

3

their served responsive pleadings See Fed. R. Civ. P. 15(a)(1). Instead, she was to

seek and obtain the Court's leave to file an Amended Complaint. Fed. R. Civ. P.

15(a)(2) ("[i]n all other cases, a party may amend its pleading only with the

opposing party's written consent or the court's leave."); *Hansen v. Santander Bank,*

*N.A.*, No. 22-CV-3048 (SRN/TNL), 2023 WL 5533536, at *10 (D. Minn. Aug. 28,

2023) ("Rule 15(a)(1) provides that a party may amend its pleading once as a

matter of course no later than '(A) 21 days after serving it, or (B) if the pleading is

one to which a responsive pleading is required, 21 days after service of a

responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or

(f), whichever is earlier.' After this time expires or the party has amended once as

of right, the party must seek leave to amend, and the Court must 'freely grant leave

when justice so requires.'") (quoting Fed. R. Civ. P. 15(a)(2)). "Filing an

amendment to a complaint without seeking leave of court or written consent of the

parties is a nullity." *Morgan Distrib. Co. v. Unidynamic Corp.*, 868 F.2d 992, 995

(8th Cir. 1989) (quoting *Friedman v. Village of Skokie*, 763 F.2d 236, 239 (7th Cir.

1985)). Plaintiff's Amended Complaint was filed without leave of the Court and

contains subjective and speculative conclusions. *See Intermedics, Inc. v. Cardiac*

*Pacemakers, Inc*., No. CIV.4-95-716JRT/RLE, 1998 WL 35253496, at *2 (D.

Minn. July 7, 1998), aff'd, 1998 WL 35253497 (D. Minn. Sept. 4, 1998) (granting

a motion to strike a reply that was filed without leave of the court and that

4

"infuse[d] wholly new theories of liability into the action").

Further, Plaintiff did not comply with Eastern District of Missouri Local

Rule 4.07. That Rule states:

> Rule 4.07 (FRCP 15) Motion for Leave to Amend.
>
> A proposed amendment to a pleading or amended pleading itself must be submitted at the time any motion for leave to amend any pleading is filed. All new material in the amended pleading must be underlined and all material being removed must be struck through. It is sufficient to underline the names of new parties the first place they appear in amended pleadings. Similarly, when new claims or defenses are raised by an amendment, it is sufficient that the number of the designated count or paragraph identifying the amendment be underlined.

E.D. Mo. LR 4.07. Plaintiff did not file a motion for leave to amend, nor did she

underline all new material or strike through removed material.

The Court has considered Plaintiff's pro se status. This, however, is not

enough to allow Plaintiff to ignore the rules regarding amended pleadings.

Plaintiff's Third Amended Complaint is basically her opinions and speculation and

fails to set out sufficient facts to apprise defendants of her causes of action. The

Court grants the Motion to Strike due to Plaintiff's failure to comply with the

Rules. *See Alan J. Roers v. Bank of Am., N.A.*, No. 23-CV-271 (PJS/ECW), 2024

WL 1618362, at *2–5 (D. Minn. Apr. 15, 2024).

**Motion to Dismiss**

In order "[t]o survive a motion to dismiss, a complaint must plead sufficient

factual matter to 'state a claim to relief that is plausible on its face.'" *Edwards v.*

*City of Florissant*, 58 F.4th 372, 376 (8th Cir. 2023) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "A claim is facially plausible if the plaintiff pleads facts that allow the court to draw the reasonable inference that the Defendants is liable for the misconduct alleged." *Ahern Rentals, Inc. v. EquipmentShare.com, Inc.*, 59 F.4th 948, 953 (8th Cir. 2023) (internal quotation marks and alteration omitted) (quoting *Iqbal*, 556 U.S. at 678)). "If, on the other hand, the plaintiff pleads facts that are merely consistent with a Defendants' liability, the complaint stops short of the line between possibility and plausibility of entitlement to relief." Id. (internal quotation marks and citation omitted); accord *Edwards*, 58 F.4th at 377 ("[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown— that the pleader is entitled to relief." (quoting *Iqbal*, 556 U.S. at 679)).

In deciding whether a complaint satisfies the plausibility test, the Court must "accept 'as true the complaint's factual allegations and grant[ ] all reasonable inferences to the non-moving party.'" *Park Irmat Drug Corp. v. Express Scripts Holding Co.*, 911 F.3d 505, 512 (8th Cir. 2018) (alteration in original) (quoting *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 591 (8th Cir. 2009)). This rule "is inapplicable to legal conclusions," which the Court may disregard. *Iqbal,* 556 U.S. at 678. Likewise, "'naked assertions devoid of further factual enhancement,' do not suffice, nor do '[t]hreadbare recitals of the elements of a cause of action, supported

by mere conclusory statements.'" *Roberson v. Dakota Boys & Girls Ranch*, 42 F.4th 924, 928 (8th Cir. 2022) (quoting Iqbal, 556 U.S. at 678). With few exceptions, the Rule 12(b)(6) analysis is constrained to factual matter alleged in the complaint. See *Miller v. Redwood Toxicology Lab., Inc*., 688 F.3d 928, 931 (8th Cir. 2012) ("[T]he court generally must ignore materials outside the pleadings, but it may consider some materials that are part of the public record or do not contradict the complaint, as well as materials that are necessarily embraced by the pleadings." Id. (citations omitted)).

Plaintiff appears to be bringing her claims for alleged violations of Title VII and the ADEA. Under both, a plaintiff must first file a charge of discrimination. See 42 U.S.C. § 2000e-5(c); 29 U.S.C. § 626(d). Plaintiff's attached Charge of Discrimination with the EEOC, names Ameren as the Respondent. Plaintiff includes no claims against Defendant ICONMA, and she does not set forth any connection between Ameren and ICONMA. Plaintiff has failed to exhaust her administrative remedies and as such, her claims against ICONMA must be dismissed.

**Summary Judgment**

"Summary judgment is proper where the evidence, when viewed in a light most favorable to the non-moving party, indicates that no genuine [dispute] of material fact exists and that the moving party is entitled to judgment as a matter of

law." *Davison v. City of Minneapolis, Minn.*, 490 F.3d 648, 654 (8th Cir. 2007); Fed. R. Civ. P. 56(a). Summary judgment is not appropriate if there are factual disputes that may affect the outcome of the case under the applicable substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute of material fact is genuine if the evidence would allow a reasonable jury to return a verdict for the non-moving party. *Id.* "The basic inquiry is whether it is so one-sided that one party must prevail as a matter of law." *Diesel Machinery, Inc. v. B.R. Lee Industries, Inc.*, 418 F.3d 820, 832 (8th Cir. 2005) (internal quotation marks and citation omitted). The moving party has the initial burden of demonstrating the absence of a genuine issue of material fact. *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011) (citation omitted). Once the moving party has met its burden, "[t]he nonmovant must do more than simply show that there is some metaphysical doubt as to the material facts and must come forward with specific facts showing that there is a genuine issue for trial." *Id.* (internal quotation marks and citation omitted).

To survive a motion for summary judgment, the "nonmoving party must 'substantiate his allegations with sufficient probative evidence [that] would permit a finding in [his] favor based on more than mere speculation, conjecture, or fantasy.'" *Putman v. Unity Health System*, 348 F.3d 732, 733-34 (8th Cir. 2003) (quoting *Wilson v. Int'l Bus. Machs. Corp.*, 62 F.3d 237, 241 (8th Cir. 1995)). The

nonmoving party may not merely point to unsupported self-serving allegations but must substantiate allegations with sufficient probative evidence that would permit a finding in his or her favor. *Wilson,* 62 F.3d 237, 241 (8th Cir. 1995). "The mere existence of a scintilla of evidence in support of the [nonmoving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [nonmovant]." *Anderson,* 477 U.S. 242 at 252; *Davidson & Associates v. Jung,* 422 F.3d 630, 638 (8th Cir. 2005). "Simply referencing the complaint, or alleging that a fact is otherwise, is insufficient to show there is a genuine issue for trial."  *Kountze ex rel. Hitchcock Foundation v. Gaines,* 2008 WL 2609197 at *3 (8th Cir. 2008).

**Plaintiff's Motion for Summary Judgment**

Plaintiff has filed a "Memorandum and Order in Support of Plaintiff's Motion for Summary Judgment," which the Court construes as Plaintiff's attempt to file a motion for summary judgment. Plaintiff failed to provide a Statement of Uncontroverted Material Facts. Plaintiff cites no specific relevant case law establishing she is entitled to judgment as a matter of law. Plaintiff merely reiterates the same allegations of her complaints. *See Benford v. Schneider Nat'l Carriers, Inc.,* No. 4:19-CV-00550 MTS, 2020 WL 4815890, at *1 (E.D. Mo. Aug. 19, 2020); *Logan v. Chertoff,* No. 4:07-cv-1948 CAS, 2009 WL 412974, at *1 (E.D. Mo. Feb. 18, 2009). While this Court construes pro se pleadings liberally,

"pro se litigants are not excused from compliance with relevant rules of the procedural and substantive law." *Schooley v. Kennedy*, 712 F.2d 372, 373 (8th Cir. 1983); accord *Benford*, No. 4:19-CV-00550 MTS, 2020 WL 4815890, at *1; *Mathies v. Mo. Dep't of Soc. Servs*., No. 1:18-cv-182 ACL, 2020 WL 1888813, at *6 n.1 (E.D. Mo. Apr. 16, 2020). Plaintiff's Motion for Summary Judgment is denied.

**Defendant Ameren's Motion for Summary Judgment**

Defendant Ameren moves for summary judgment arguing Plaintiff never applied with Ameren for the paralegal position and Ameren was unaware of her application or her interest in the position. Ameren asserts it is entitled to summary judgment because there are no disputed issues as to any material fact regarding Plaintiff's claims.  Notably, Plaintiff did not respond to the Motion for Summary Judgment. Pursuant to Fed.R.Civ.P. 56(e):

> If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may:
>
> (1) give an opportunity to properly support or address the fact;
>
> (2) consider the fact undisputed for purposes of the motion;
>
> (3) grant summary judgment if the motion and supporting materials— including the facts considered undisputed—show that the movant is entitled to it; or
>
> (4) issue any other appropriate order.

Fed.R.Civ.P. 56(e). Rule 56(c) also

[m]andates the entry of summary judgment after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.

*Celotex*, 477 U.S. at 322.

The Court also notes that, under Local Rule 4.01(E), a movant's facts are deemed admitted if not specifically controverted by the party opposing the motion. E.D.Mo.L.R. 4.01(E), and, therefore, Defendant's Statement of Uncontroverted Facts are deemed admitted by Plaintiff for the purpose of ruling on this motion. The Court finds the following material facts:

Ameren contracts with Guidant Global ("Guidant"), a managed service provider that provides staff augmentation contingent labor. Guidant recruits temporary workers for Ameren, on an as-needed basis.

In March of 2022, Ameren contacted Guidant to post and recruit for a Paralegal I temporary position. Pursuant to Ameren's agreement with Guidant, Guidant collected resumes from candidates and third-party recruiters working with candidates for the Paralegal I temporary position. Once Guidant collected resumes from candidates, Guidant did an initial review of the candidates, pursuant to its agreement with Ameren, and submitted only the top two candidates' resumes to Ameren. Guidant sent only these two resumes, for the top two candidates,

Catherline Meus and LaShay Melton, to Ameren for the Paralegal I temporary position.

Iconma, LLC is a third-party recruiting agency, unaffiliated with Ameren or Guidant.

Plaintiff's resume and/or application was never sent to Ameren for review. Ameren did not receive Plaintiff's resume or any application materials for Plaintiff from Guidant or Plaintiff.

At no point prior to this lawsuit was Ameren aware that Plaintiff sent a resume or application to Guidant or that Plaintiff was interested in Ameren's Paralegal I temporary position. At no point prior to this lawsuit was Ameren aware of Plaintiff's race, color, gender, age, or any other EEO protected characteristic.

Ameren did not receive any communication from Plaintiff regarding her interest in the Paralegal I temporary position or any complaint Plaintiff had regarding the application process.

The email account mentioned in Plaintiff's lawsuit, "talentacquisition@ameren.com" is not a valid Ameren email address. If Plaintiff sent any email correspondence to the address noted in Plaintiff's Second Amended Complaint ("talentacquisition@ameren.com"), it was not received by Ameren. Ameren did not receive any communication whatsoever from Plaintiff prior to this lawsuit.

Plaintiff never applied for a position with Ameren and Ameren was unaware of Plaintiff's application, if one existed. As such, Plaintiff cannot prove the necessary elements of a Title VII and ADEA cause of action. The purpose of Title VII is to ensure a workplace environment free of discrimination. *Ricci v. DeStefano*, 557 U.S. 557, 580 (2009). The act prohibits "employer discrimination on the basis of race, color, religion, sex, or national origin, in hiring, firing, salary structure, promotion and the like." *Winfrey v. City of Forrest City, Ark*., 882 F.3d 757, 758 (8th Cir. 2018).

To establish a prima facie case of discriminatory failure to hire, a plaintiff must plead and prove (1) she belongs to a protected class; (2) she applied and was qualified for a job for which the defendant was seeking applicants; (3) defendant rejected plaintiff; and (4) after rejecting plaintiff, defendant continued to seek applicants with her qualifications. *E.E.O.C. v. Audrain Health Care, Inc*., 756 F.3d 1083, 1087 (8th Cir. 2014) (citing *Hunter v. United Parcel Serv., Inc*., 697 F.3d 697, 703 (8th Cir. 2012)). A plaintiff must additionally allege either direct evidence of discrimination, or evidence that is sufficient to create an inference of discrimination under the *McDonnell Douglas* burden shifting framework. *Smith v. Alorica Healthcare,* No. 1:22-CV-118 ACL, 2022 WL 5163777, at *3 (E.D. Mo. Oct. 5, 2022).

It is undisputed that Plaintiff never applied with Ameren for the position,

13

*ergo*, Plaintiff cannot satisfy the elements of a *prima facie* case of Title VII and/or ADEA discrimination. The undisputed facts further establish that Ameren was unaware of Plaintiff's interest in the position. Ameren took no action with respect to Plaintiff.

Plaintiff appears to claim Defendant is responsible under Title VII and the ADEA for failing to hire her. She believes the failure to hire must have had to do with either her race, color or her disability. However, plaintiff has completely failed to list any direct evidence or indirect evidence of discrimination in her complaint relating to the alleged discrimination she believes occurred. *See Johnson v. Precythe*, 901 F.3d 973, 977 (8th Cir. 2018) (stating that a "pleading must offer more than labels and conclusions or a formulaic recitation of the elements of a cause of action to state a plausible claim for relief"). Additionally, the amended complaint is void of any allegation that similarly situated employees of a different race, color or perceived disability were treated more favorably. For these reasons, the Court cannot sustain plaintiff's failure to hire claims under either the ADEA or Title VII.

Likewise, any retaliation claim Plaintiff attempted to bring fails. To establish a prima facie case of retaliation under Title VII, an employee must show that: "(1) he or she engaged in statutorily protected activity, (2) the employer took adverse action against him or her, and (3) a connection exists between the two

14

occurrences." *Tademe v. Saint Cloud State Univ*., 328 F.3d 982, 991-92 (8th Cir. 2003). A "connection," or "causal link," between the two occurrences "requires evidence that 'retaliatory motive played a part in the adverse employment action.'" *Duncan v. LaSalle (Mgmt.) Grp., Ltd*., No. 09-1574 (DSD/JJG), 2010 WL 276242 at *3, (D. Minn. Jan. 15, 2010) (quoting *Kipp v. Mo. Highway & Transp. Comm'n*, 280 F.3d 893, 897 (8th Cir. 2002)). Here, plaintiff's allegations fail to meet these requirements. Plaintiff presents no evidence whatsoever of any adverse action Ameren took and further, there is nothing in the record to demonstrate any protected activity Plaintiff took. Ameren is entitled to judgment as a matter of law.

## Conclusion

Based on the foregoing analysis, Defendant ICONMA's Motion to Dismiss and Defendant Ameren's Motion for summary judgment are well taken.

Accordingly,

I**T IS HEREBY ORDERED** that Defendant ICONMA's Motion to Dismiss Plaintiff's Second Amended Complaint, [Doc. No. 54], is **granted**.

**IT IS FURTHER ORDERED** Defendants' Joint Motion to Strike, [Doc. No. 61], is **granted**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Summary Judgment, [Doc. No. 64], is **denied**.

**IT IS FURTHER ORDERED** Ameren's Motion for Summary Judgment,

[Doc. No. 70], is **granted**.

A separate judgment is entered this same date.

Dated this 6th day of May, 2024.


_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE

16